829 F.2d 37
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Peter R. D. WITHERS, Plaintiff-Appellant,
v.
RIGGS NATIONAL BANK; Riggs Financial Corp, t/a Central
Charge Service, Inc.; Wolpoff & Abramson, a general
partnership; Harry K. Wolpoff, individually and as a partner
of the law firm of Wolpoff & Abramson; Laurence C. Abramson,
individually and as a partner of the law firm of Wolpoff &
Abramson; Barry E. Gordon, individually and as a partner of
the law firm of Wolpoff & Abramson; Joseph Sperling,
individually and as a partner of the law firm of Wolpoff &
Abramson; Donald M. Fishman, individually and as a partner
of the law firm of Wolpoff & Abramson; Ronald S. Canter,
Defendants-Appellees.
 No. 87-2530
 United States Court of Appeals, Fourth Circuit.
 Argued June 3, 1987.
Decided September 2, 1987.
 
 Arthur M. House (Hadley & House, on brief), for appellant.
 Barry Bach (Mykel Hitselberger; Smith, Somerville & Case; Roderick H. Angus; Huston & Angus; Joseph E. O'Brien; Curtis J. Karpel, on brief), for appellees.
 Before K.K. HALL and WILKINSON, Circuit Judges, and SMALKIN, United States District Judge for the District of Maryland, Sitting by Designation.
 PER CURIAM:
 
 
 1
 This case concerns a conflict of laws question between the Maryland and the District of Columbia debt collection statutes. Appellant, Peter Withers, appeals from an order of the district court granting summary judgment to appellees, Riggs National Bank, et al. ('Riggs'). We affirm.
 
 
 2
 Withers is a citizen of New Zealand who was stationed with the New Zealand Embassy in Washington, D.C., from February, 1978, to July, 1982, and resided in Bethesda, Maryland. While he was in the United States, Withers obtained consumer credit from Riggs and upon his return to New Zealand still owed the bank $416.03 as of May, 1984. Riggs turned over collection of this debt to their attorneys, defendant/appellee Wolpoff and Abramson ('W & A'). W & A wrote a letter to the New Zealand Ambassador and advised him of the debt. Thereafter, Withers brought suit for violation of Maryland and District of Columbia consumer protection statutes in the district court of Maryland.[1] The district court ruled that, under Maryland's conflict of law principles, the law of the District of Columbia should be applied. The district court then granted defendant's motion for summary judgment, ruling that Withers' complaint failed to state a claim for violation of any District of Columbia statute.[2] The district court also denied Withers' motion to alter or amend the judgment or to certify the conflict of laws question to the Maryland Court of Appeals.
 
 
 3
 On appeal, Withers concedes that Maryland generally follows the rule of lex loci delicti in tort actions but contends that this case falls within a recognized exception to the rule because Maryland has a strong public policy interest in consumer protection matters. Withers further argues that the appellees violated the District of Columbia consumer protection law by contacting Withers' employer and by providing false and misleading information in their communication. Finally, Withers argues that the district court should have certified the choice of law issue to the Maryland Court of Appeals.
 
 
 4
 Upon consideration of the record, briefs and oral argument, we find appellant's contentions to be without merit. We agree with the district court that Maryland applies the traditional rule of lex loci delicti in tort actions and that the substantive rights of the parties are to be determined by the law of the state in which the tort took place. Hauch v. Connor, 295 Md. 120, 453 A.2d 1207 (1983). The district court correctly found that the alleged tort took place in Washington, D.C., where the impact of the letter produced the injury. We also agree with the district court that the public policy exception to the lex loci rule should not be applied in this case. Nor do we find this case to be appropriate for certification to the Maryland Court of Appeals. Maryland law is not silent on this issue and requires only the application of principles recently enunciated by the Maryland courts to a specific factual situation.[3] The district court correctly applied those principles to the facts of this case when it ruled that the District of Columbia statute was not at all repugnant to fundamental Maryland policy and therefore there was no compelling reason not to apply the traditional conflict of laws rule. Finally, we agree with the district court's conclusion that the actions of the appellees did not violate any District of Columbia debt collection statute. Accordingly, we affirm the judgment below on the reasoning of the district court. Withers v. Riggs, C/A No. 86-1919 (D. Md., November 25, 1986).
 
 
 5
 AFFIRMED.
 
 
 
 [1]
 Withers alleged a violation of Maryland's debt collection statute which prohibits a debt collector from contacting a person's employer with respect to a delinquent indebtedness before obtaining final judgment against the debtor except under certain circumstances. None of the exceptions were present here
 
 
 [2]
 The District of Columbia debt collection statute provides that no debt collector shall unreasonably publicize information relating to an alleged debt by communication of any false information relating to the debt to any employer except where the indebtedness had been guaranteed by the employer or the employer requested the loan; and no debt collector shall use fraudulent, deceptive or misleading representation to collect a debt by any false representation of the character, extent, amount of a claim or its status in any legal proceeding
 The District of Columbia Consumer Protection Act provides that it shall be a violation for any person to misrepresent as to a material fact which has a tendency to mislead; fail to state a material fact if such failure tends to mislead; or harass, or threaten a consumer with any act other than legal process, either by telephone, cards or letters.
 Neither of these statutes specifically prohibits any contact with the debtor's employer. In addition, the district court found that the letter was not false or misleading.
 
 
 [3]
 Maryland courts have generally followed the lex loci rule except in situations where there is a strong underlying policy which requires the application of Maryland law such as the case in Hauch. In Hauch, the Maryland Court of Appeals ruled that 'workmen's compensation law conflict issues present distinct policy questions and should not be treated as tort or contract matters for choice of law purposes.' 453 A.2d at 1211
 However, Maryland courts have cautioned that the public policy in question must be of sufficient strength to compel non-application of the traditional rule, Bethlehem Steel v. G. C. Zarnes & Co., 304 Md. 183, 498 A.2d 605 (1985), and that 'there is a heavy burden on him who urges rejection of foreign law on ground of public policy.' Jacobs v. Adams, 66 Md. App. 779, 505 A.2d 930 (1986).